# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE21019055

MICHAEL GOSINE,

    Plaintiff,

vs.

WALMART INC.,
a foreign corporation, and
CARL D. JACKSON, as manager,

    Defendants.
_____/

## AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, **MICHAEL GOSINE**, by and through the undersigned counsel, and hereby sues the Defendants, **WALMART INC. ("WALMART")**, a foreign corporation, and **CARL D. JACKSON**, as manager, and in support thereof alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of thirty thousand ($30,000.00) dollars.

2. At all times material hereto, the Plaintiff, MICHAEL GOSINE, was an individual residing in Broward County, Florida and is *sui juris*.

3. At all times material hereto, the Defendant, WALMART, was a foreign corporation authorized to do and doing business in Broward County, Florida.

4. At all times material hereto, the Defendant, CARL D. JACKSON, was an individual residing in Broward County, Florida.

5. Venue is proper in Broward County as the subject incident took place therein.

6. On or about October 1, 2020, the Defendant, WALMART, owned, maintained and/or controlled a WALMART retail store #2930, located at 6931 NW 88th Ave, Tamarac, in Broward County, Florida.

7. At all times material hereto, the Defendant, CARL D. JACKSON, managed the aforedescribed WALMART retail store.

8. On the above date and time, the Plaintiff, MICHAEL GOSINE, was a business invitee on the Defendant's property and lawfully on the premises.

9. At the aforedescribed time and place, the Plaintiff, while exercising due care and caution for his own safety, was shopping at the aforedescribed WALMART store when he was caused to slip and fall due to the careless and negligent manner in which the floors were maintained in the store aisles. More specifically, Plaintiff slipped on a white powdery unmarked substance on the floor of the cleaning products aisle.

## COUNT I:
## NEGLIGENCE CLAIM AGAINST WALMART

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs one (1) through nine (9), as if they were fully set forth herein and further alleges:

10. At all times material hereto, the Defendant, WALMART, by and through its agents and/or employees, owed the Plaintiff a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to her in her lawful use of the same.

11. The Defendant, WALMART, owed the Plaintiff a duty to warn him of the aforedescribed dangerous and unsafe condition which led to Plaintiff's slip and fall.

12. The Defendant, WALMART, by and through its employees and/or agents, breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

    a. The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from liquid and debris;

    b. The Defendant should have exercised reasonable care in the care of its floors;

    c. The Defendant failed to utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the floors;

    d. The Defendant failed to warn the Plaintiff of the dangerous condition;

    e. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition;

    f. The Defendant knew of the alleged dangerous condition and did not correct it and/or the condition existed long enough to where Defendant should have known of the condition and should have corrected the condition.

13. The Defendant's aforedescribed acts of negligence proximately caused the injuries sustained by the Plaintiff.

14. As a direct result of his slip and fall, the Plaintiff has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of the ability to earn

The Law Offices of Anidjar & Levine, P.A.
300 SE 17th Street, Fort Lauderdale, Florida 33316 (954) 525-0050

wages. The injuries sustained by Plaintiff, MICHAEL GOSINE, are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, MICHAEL GOSINE, demands judgment against the Defendant, WALMART, for damages, costs and any other relief this Court deems appropriate. ***The Plaintiff further demands a trial by jury as to all issues so triable by right.***

## COUNT II:
### NEGLIGENCE CLAIM AGAINST CARL D. JACKSON

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs one (1) through nine (9), as if they were fully set forth herein and further alleges:

15. At all times material hereto, Defendant, CARL D. JACKSON, the manager of said store identified in Paragraph six (6), and as such owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises. CARL D. JACKSON, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the floors in such manner as to avoid injury or damages to business invitees, such as the Plaintiff, MICHAEL GOSINE, as a result of a dangerous unmarked substance on the floor within a store aisle.

16. Defendant, CARL D. JACKSON, negligently failed to exercise reasonable care relating to the dangerous unmarked liquid on the floor within a store aisle while under her control in that she failed to take reasonable precautions to maintain said premises in a safe condition.

17. At all times hereinafter mentioned and at the time of the incident complained of Defendant, CARL D. JACKSON, personally committed a tort by negligently failing to establish a procedure for regular inspection and maintenance of the premises or alternatively by failing to

follow his own established procedures for the inspection and maintenance of the of the premises, and Defendant, CARL D. JACKSON, personally and negligently created the aforesaid defective, dangerous condition which was a hazard and trap for the Plaintiff.

18.   Among the duties of Defendant, CARL D. JACKSON, as the manager, was to: a) conduct, personally or through those under her control, reasonable periodic inspections, at reasonable intervals, to discover and to remove inherently dangerous conditions, including but not limited to, dangerous hazards on the floor of said premises and to maintain and remove such dangerous hazards prior to business invitees being injured thereby; and b) to so arrange signs and products for sale such as not to distract the attention of persons, such as Plaintiff, MICHAEL GOSINE, while shopping on and at said premises.

19.   Had such duty been performed, the dangerous condition which caused Plaintiff, MICHAEL GOSINE, to slip and fall to the floor and injure herself would have been observed in time to have been corrected.

20.   But for the negligent failure of Defendant, CARL D. JACKSON, to perform such duties and responsibilities, Plaintiff, MICHAEL GOSINE, would not have slipped and injured herself.

21.   The Defendant, CARL D. JACKSON, breached her duty of care to the Plaintiff, by committing one or more of the following negligent acts or commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully;

> b.   The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from liquid and debris;
>
> b.   The Defendant should have exercised reasonable care in the care of its floors;

  c. The Defendant failed to utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the floors;

  d. The Defendant failed to warn the Plaintiff of the dangerous condition;

  e. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition;

  f. The Defendant knew of the alleged dangerous condition and did not correct it and/or the condition existed long enough to where Defendant should have known of the condition and should have corrected the condition.

22. That the aforesaid acts of negligence on the part of CARL D. JACKSON were the proximate cause of the injuries sustained by the Plaintiff.

23. As a direct and proximate result of the negligence of Defendant, CARL D. JACKSON, as above alleged, Plaintiff, MICHAEL GOSINE, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses and other expenses. The injuries sustained by Plaintiff, MICHAEL GOSINE, are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, MICHAEL GOSINE, demands judgment against the Defendant, CARL D. JACKSON, for damages, costs and any other relief this Court may deem appropriate. ***The Plaintiff further demands trial by jury as to all issues so triable by right.***

In compliance with Rule 2.516 of the Florida Rules of Judicial Administration, all pleadings in this cause shall be served on the undersigned by e-mail at pleadings@anl-law.com.

DATED this 20 day of October, 2021.

**LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
*Counsel for Plaintiff*
300 SE 17th Street
Fort Lauderdale, FL 33316
Tel: (954) 525-0050 / Fax: (954) 525-0020
E-service at: pleadings@anl-law.com

By: */s/ Justin Schneider*
GLEN B. LEVINE, ESQ.,
FBN 0144355
JUSTIN M. SCHNEIDER, ESQ.,
FBN 0124240

7

The Law Offices of Anidjar & Levine, P.A.
300 SE 17th Street, Fort Lauderdale, Florida 33316 (954) 525-0050