UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62371-RAR

**MICHAEL GOSINE**,

    Plaintiff,

v.

**WALMART INC.**, *et al.*,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REMAND

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Remand with Memorandum in Support Thereof and Sanctions [ECF No. 15] ("Motion"), filed on December 9, 2021. Defendant filed a response in opposition on December 30, 2021 [ECF No. 20] ("Response"), which included the declaration of Defendant Carl Jackson [ECF No. 20-1] ("Jackson Declaration"). Plaintiff filed a reply in support on January 5, 2022 [ECF No. 24] ("Reply").[1] The Court having considered the Amended Complaint [ECF No. 1-2], Motion, Response, Jackson Declaration, Reply, and applicable law, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 15] is **GRANTED** as to remand for the reasons set forth below and **DENIED** as to sanctions.

## BACKGROUND

This case arises from an alleged slip-and-fall incident. Plaintiff sued Defendants Wal-Mart Inc. and store manager Carl Jackson in the Circuit Court of the Seventeenth Judicial Circuit in and

---

[1] Defendant filed a Motion for Leave to File Sur-reply [ECF No. 25], which remains pending as of this Order. Defendant seeks leave to address new information and case law raised in Plaintiff's Reply. However, even without considering the points introduced in the Reply, the Court finds that Defendant has not met the burden required to defeat the Motion as a matter of law, so a sur-reply would be futile.

for Broward County, Florida, in connection with alleged injuries arising from an incident on October 1, 2020, at a Wal-Mart store in Broward County, Florida. Mot. at 1. Plaintiff is a resident of Broward County, Florida. Compl. ¶ 3. Defendant Wal-Mart is a Delaware corporation with its principal place of business in Arkansas, [ECF No. 1] ¶ 24, and Defendant Carl Jackson is an individual resident of Broward County, Florida, Mot. at 2. Defendants removed the case on November 18, 2021, alleging diversity of citizenship and an amount in controversy exceeding $75,000. *See generally* [ECF No. 1].

## **LEGAL STANDARD**

A defendant may remove a case from state court to federal court if the case originally could have been brought in federal court. 28 U.S.C. § 1441. Such cases include actions where the federal court has diversity jurisdiction under 28 U.S.C. section 1332, which requires complete diversity of citizenship between the plaintiff and all defendants and an amount in controversy exceeding $75,000.

In determining whether diversity jurisdiction exists, courts must disregard the citizenship of fraudulently joined parties. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). A defendant is fraudulently joined where there is no "reasonable basis" for a claim against it. *See Crowe v. Coleman*, 113 F.3d 1536, 1541–42 (11th Cir. 1997) ("For a remand . . . there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved"). "A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate," by clear and convincing evidence, that "there is no possibility that plaintiff can establish a cause of action against the resident defendant." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting *Crowe*, 113 F.3d at 1538). The procedure for resolving a fraudulent joinder claim "is similar to that used for ruling on a motion for summary judgment

under Fed. R. Civ. P. 56(b)." *Crowe*, 113 F.3d at 1538. "The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). The plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties, determine whether the plaintiff has fraudulently joined a resident defendant, and the Court evaluates the factual allegations in the light most favorable to the plaintiff. *Id.*; *see also Legg v. Wyeth*, 428 F.3d 1317, 1324 (11th Cir. 2005); *Crowe*, 113 F.3d at 1538.

## ANALYSIS

The parties do not dispute that the amount in controversy exceeds $75,000. *See generally* Mot.; *see* Resp. at 1. The issue in dispute is whether Plaintiff fraudulently joined Defendant Carl Jackson, a resident of Florida, as a defendant to defeat federal diversity jurisdiction. Resp. at 5.

Defendants argue that Jackson should be considered fraudulently joined because Plaintiff's pleadings "are not grounded in facts related to Plaintiff's incident" and "stem from Jackson's official character." Resp. at 9. Plaintiff alleges, in broad terms, that Jackson (1) "owed a duty to the Plaintiff . . . to exercise reasonable care," Compl. ¶ 15; (2) "negligently failed to exercise reasonable care . . . in that []he failed to take reasonable precautions to maintain said premises in a safe condition," *id.* ¶ 16; and (3) "negligently fail[ed] to establish a procedure for regular inspection and maintenance of the premises or alternatively by failing to follow his own established procedures for the inspection and maintenance of the premises" and "personally and negligently created the . . . condition which was a hazard and trap for the plaintiff," *id.* ¶ 16.

In his declaration, Jackson acknowledges that he was working as a manager of the store on the date of the incident. Jackson Decl. ¶ 5. However, Jackson claims that (1) he does not establish inspection and maintenance procedures, *id.* ¶ 7; (2) he did not witness Plaintiff's incident, *id.* ¶ 8;

(3) he did not personally participate in the events leading up to Plaintiff's incident, *id.* ¶ 9; (4) he did not create or personally leave the condition in the vicinity of Plaintiff's incident, *id.* ¶¶ 10, 11; (5) he did not know of a Wal-Mart employee or customer creating the condition prior to Plaintiff's incident, *id.* ¶¶ 12, 13; (6) he did not know of or observe the condition prior to Plaintiff's incident, *id.* ¶¶ 14, 15; and (7) he was not in the area prior to or at the time of Plaintiff's incident, *id.* ¶ 16.

The Jackson Declaration disputes a number of Plaintiff's allegations, and it certainly is a close question whether Plaintiff's generalized allegations establish a reasonable basis for a claim against Jackson individually. But however suspicious Plaintiff's joinder of Jackson as a defendant may seem, it is not the province of the Court to peer into a plaintiff's motives for adding a non-diverse defendant. *Krobatsch v. Target Corp.*, No. 20-81552, 2020 WL 6375175, at *5 (S.D. Fla. Oct. 30, 2020). The fraudulent joinder burden is high, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

The Jackson Declaration indicates only that Jackson had no *actual* notice of the conditions causing Plaintiff's incident; however, under Florida law, a store manager need have only *constructive* notice. *Krobatsch*, 2020 WL 6375175 at *4. On this record, viewing the allegations and evidence in the light most favorable to Plaintiff, as the Court must, the Court cannot say with sufficient certainty that *no possibility* exists under which Jackson could be found to have constructive notice and therefore be personally liable under Florida law for negligence. *See Henderson*, 454 F.3d at 1281; *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005) (holding that a plaintiff sufficiently stated a cause of action under Florida law against a store manager by alleging that the manager failed to carry out certain tasks for which he was directly responsible). Remand is therefore warranted. *See Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007).

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 15] is **GRANTED** as to remand. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case. Plaintiff's Motion is **DENIED** as to sanctions. Defendants' Motion to Dismiss Count II of Plaintiff's Complaint [ECF No. 22] and Motion for Leave to File Sur-reply [ECF No. 25] are **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of January, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**